PAINE P. PRIM,

J. G. WILSON, *Clerk.*

---

DELAVANTIA ROCHESTER, Plaintiff in Error, *v.* JAMES ROCHESTER, Defendant in Error.

### *Polk County.*

Statute requires only ten days' service of complaint and notice, in suit for divorce within the State.

THE defendant in error filed his complaint, in the Circuit Court of Polk County, for divorce, on the 23d day of March, 1860, and, at the April term thereafter, obtained a decree against the plaintiff in error by default. Service was had upon plaintiff in error, in the county of Linn, on the 30th day of March, which was more than ten, and less than thirty days, before the first day of the term at which the decree was entered.

*G. H. Williams,* of counsel for plaintiff in error.

*E. M. Barnum,* of counsel for defendant in error.

PRIM, J.   Several assignments of error are made in this cause ; but the only one relied upon is, " that the service was insufficient to entitle the defendant in error to the decree at that term of the court."   The question raised in this cause is, " should the service have been made thirty days before the first day of the term," as is provided for in actions at law, when suit is commenced in one county, and service is had in another ?

We think not, as the statute has clearly provided on the subject of divorce what kind of service is necessary to entitle the plaintiff to have the evidence heard, and the cause decided by the court.   Oregon Statutes, page 589, section 6, provides in substance that, when personal service is had ten days before the commencement of the term, the evidence may be heard, and the cause decided at that term, without any reference as to whether the service is made in the county where the action is commenced, or in another.   We think there is no error in the proceedings of the court below, for which that judgment should be reversed.

Judgment is therefore affirmed.